AO 241 (Rev. 09/17)

**FILED**
**JUL 06 2021**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: NORTHERN DISTRICT OF OHIO |
|---|---|
| Name (under which you were convicted): FRANKLYN WILLIAMS | Docket or Case No.: [crossed out] |
| Place of Confinement: OHIO DEPARTMENT OF CORRECTIONS SOUTHERN OHIO CORRECTION FACILITY (SOCF) | Prisoner No.: A 680538 |
| Petitioner (include the name under which you were convicted) FRANKLYN WILLIAMS | v. | Respondent (authorized person having custody of petitioner) OHIO DEPARTMENT OF REHABILITATION & CORRECTIONS |
| The Attorney General of the State of: OHIO | |

1:21 CV 1301

**PETITION**

**JUDGE PEARSON**

**MAG. JUDGE BAUGHMAN**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   IN THE COURT OF COMMON PLEAS CUYAHOGA COUNTY, OHIO
   1200 ONTARIO STREET (THE JUSTICE CENTER)
   CLEVELAND, OHIO 44113

   (b) Criminal docket or case number (if you know): CR-15-593764 / CR-15-593844 / CR-15-593998 / CR-15-594806

2. (a) Date of the judgment of conviction (if you know): 01/07/2016 - 07/31/2018 - 02/26/2019

   (b) Date of sentencing: 01/05/2016 - 07/31/2018 - 02/15/2019

3. Length of sentence: 14 YEARS OVERTURNED ON APPEAL 05/4/17  TAKE BACK ON 24 YEARS 08/06/18  (NOW SENTENCE 33 YEARS 02/15/2019)

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: CR-15-593764 (14 YEARS) AGG. ROBBERY KIDNAPPING, HAVING WEAPONS UNDER DISABILITY (3 YEAR FIREARM SPEC) ROBBERY CR-15-593844 (10 YEARS) ROBBERY, KIDNAPPING, THEFT, MISUSE OF A CREDIT CARD (3 YEAR FIREARM SPEC) CR-15-593998 (12 YEARS) AGG. ROBBERY, THEFT, MISUSE OF A CREDIT CARD CR-15-594806 (6 MONTHS) COUNTY JAIL SENTENCE, FOR FAILURE TO COMPLY WITH THE ORDER OR SIGNAL OF A POLICE OFFICER
   (ALSO 3 YEAR FIREARM SPEC IN CASE CR-15-593998)

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: COURT OF APPEALS OF OHIO, EIGHTH APPELLATE DISTRICT, CUYAHOGA COUNTY

(b) Docket or case number (if you know): 108275 / CA-19-108275

(c) Result: AFFIRMED CONVICTION REMANDED FOR SENTENCE

(d) Date of result (if you know): 01/30/2020

(e) Citation to the case (if you know): STATE V. WILLIAMS, 2020-OHIO-269

(f) Grounds raised: (1) THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE FOR FAILURE TO BRING DEFENDANT TO TRIAL WITHIN THE STATUTORY OR CONSTITUTIONAL SPEEDY TRIAL TIME. (2) DEFENDANT'S SENTENCE WAS VINDICTIVE IN VIOLATION OF LAW. (3) THE TRIAL COURT ERRED IN FAILING TO GRANT THE CRIM.R.29 MOTION FOR ACQUITTAL. (4) THE JURY VERDICT WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE. (5) THE COURT ERRED IN GRANTING THE JOINER FOR TRIAL AND ALLOWING PRIOR ACTS. (6) THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(g) Did you seek further review by a higher state court? ☒ Yes    ☐ No

If yes, answer the following:

(1) Name of court: THE SUPREME COURT OF OHIO

(2) Docket or case number (if you know): 2020-0370 ← CASE NUMBER / STATE V. WILLIAMS 159 ohio st.3d 1435

(3) Result: DISMISS WITHOUT OPINION / APPEAL NOT ACCEPTED

AO 241 (Rev. 09/17)

(4) Date of result (if you know): July 7TH 2020

(5) Citation to the case (if you know): STATE V. WILLIAMS 159 ohio st.3d 1435

(6) Grounds raised: ① THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE FOR FAILURE TO BRING DEFENDANT TO TRIAL WITHIN THE STATUTORY OR CONSTITUTIONAL SPEEDY TRIAL TIME.. ② DEFENDANTS SENTENCE WAS VINDICTIVE IN VIOLATION OF LAW.. ③ THE TRIAL COURT ERRED IN FAILING TO GRANT THE CRIM.R.29 MOTION FOR ACQUITTAL ④ Confrontational Clause (CRAWFORD) PROTECTION OF THE 6TH AMENDMENT TO FACE ALLEGED VICTIM OF A CRIME TO BE CROSS EXAMINED. CONFRONTATIONAL CLAUSE UNDER (CRAWFORD)

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ● No ←ERROR

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: IN THE COURT OF COMMON PLEAS CUYAHOGA COUNTY OHIO

(2) Docket or case number (if you know): CR-15-593764 / CR-15-593844 / CR-15-593998 / CR-15-594806

(3) Date of filing (if you know): OCTOBER 01ST 2018

(4) Nature of the proceeding: MOTION FOR NEW TRIAL RULE 33 SECTION(A)(1)(5)

(5) Grounds raised: PURSUANT TO OHIO CRIMINAL RULE 33-SECTION(A) GROUNDS STATES A NEW TRIAL MAY BE GRANTED ON MOTION OF THE DEFENDANT FOR ANY OF THE FOLLOWING CAUSES AFFECTING MATERIALLY HIS SUBSTANTIAL RIGHTS: ①IRREGULARITY IN THE PROCEEDINGS OR IN ANY RULING OF THE COURT, OR ABUSE OF DISCRETION BY THE COURT, BECAUSE OF WHICH THE DEFENDANT WAS PREVENTED FROM HAVING A FAIR TRIAL; ⑤ERROR OF LAW OCCURRING AT THE TRIAL. ERROR OF FACTS THE STATE OF OHIO PROSECUTOR PROCEEDED INTO TRIAL WITHOUT A VICTIM PRESENT FOR ANY STAGES OF THE CASE PROCEEDINGS IN CASE #CR-15-593998 THE DEFENDANT REQUEST FOR A FAIR TRIAL TO BE CONFRONTED WITH THE VICTIM AND WITNESSES AGAINST HIM. BETWEEN THE TRIAL DATE OF 12/13/17 AND THE RETURN OF THE GUILTY VERDICT ON 12/20/17 THE VICTIM DARRYL PORTER WATKINS NEVER APPEARED FOR THE PROSECUTOR CASE AGAINST DEFENDANT. A WARRANT FOR ARREST WAS ISSUED ON 12/13/17 FOR DARRYL PORTER WATKINS 02/06/1990 D.O.B HE MADE HIMSELF UNAVL. TO THE COURTS NOR WAS HE ARRESTED. THE CONSTITUTIONAL RIGHTS OF THE 6TH AMEND HAS NOT BEEN PROTECTED FOR DEFENDANT. WATKINS MADE HIMSELF UNAVAILABLE THROUGHOUT ALL COURT PROCEEDINGS. CONFRONTATIONAL CLAUSE (CRAWFORD)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
ERROR→● Yes ● No NO HEARINGS WERE HELD TO PRESENT EVIDENCE

(7) Result: DENIED THE MOTION STATED DEFENDANT FAILED TO DEMONSTRATE SUFFICIENT GROUNDS FOR A NEW TRIAL UNDER (O.R.C 2945.79) ATTORNEY DEANNA ROBERTSON ADOPTED THE PRO SE MOTION BUT THE JUDGE DENIED THE MOTION.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): ON THE DAY OF SENTENCING 03/15/19 JOURNAL ENTRY: 03/26/19

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: IN THE COURT OF COMMON PLEAS CUYAHOGA COUNTY, OHIO

(2) Docket or case number (if you know): CR-15-593764 / CR-15-593844 / CR-15-593998 / CR-15-594806

(3) Date of filing (if you know): MAR 17TH 2020 & FEBRUARY 25TH 2020

(4) Nature of the proceeding: MOTION FOR STAY OF EXECUTION OF SENTENCE AND/OR BAIL.

(5) Grounds raised: DEFENDANT REQUEST MOTION FOR STAY OF EXECUTION OF SENTENCE & BAIL UNTIL THE ISSUES REGARDING APPEALS TO THE HIGHER COURTS WERE FIRST EXHAUSTED. THE 8TH DISTRICT COURT OF APPEALS AFFIRMED THE DEFENDANTS CONVICTION & ALSO REMANDED THE CASE BACK TO THE LOWER COURT FOR SENTENCING. DEFENDANT WILLIAMS WANTED TO PROTECT THIS DUE PROCESS CLAUSE REGARDING THE MOTION FOR STAY.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
ERROR→ ☒ Yes  ☒ (No)  NO HEARINGS WERE HELD TO PRESENT EVIDENCE

(7) Result: THE DEFENDANT MOTION FOR STAY OF EXECUTION OF SENTENCE OR BAIL IS DENIED

(8) Date of result (if you know): APRIL 28TH 2020

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: THE SUPREME COURT OF OHIO

(2) Docket or case number (if you know): GEN-2020-0370

(3) Date of filing (if you know): MARCH 12TH 2020

(4) Nature of the proceeding: MOTION FOR STAY

(5) Grounds raised: DEFENDANT REQUEST MOTION FOR STAY OF EXECUTION OF SENTENCE & BAIL WITHIN THE LOWER COURT UNTIL THE APPEAL ISSUES ARE EXHAUSTED. THIS COURT HAS THE JURISDICTION TO GRANT SAID MOTION.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

ERROR→ ☒ Yes   ☒ (No)   NO HEARINGS WERE HELD TO PRESENT EVIDENCE

(7) Result: MOTION FOR STAY IS DENIED BY THE COURT

(8) Date of result (if you know): MAY 13TH 2020

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

  (1) First petition:   ☐ Yes   ☒ (No)
  (2) Second petition:  ☐ Yes   ☒ (No)
  (3) Third petition:   ☐ Yes   ☒ (No)

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
AS A LAYMAN OF THE LAW I WAS NOT AWARE THAT A MOTION DENIED CAN BE APPEALED. EACH MOTION FILED WERE DENIED, THERE WAS NOT ANY HEARINGS HELD TO APPEAL THE DECISION OF A DENIED MOTION, SO NO APPEAL WAS FILED.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE FOR FAILURE TO BRING DEFENDANT TO TRIAL WITHIN THE STATUTORY SPEEDY TRIAL TIME PURSUANT TO (O.R.C. 2945.71 (C)(2)) AS WELL THE CONSTITUTIONAL SPEEDY TRIAL TIME

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): UPON A (PRIMA FACIE) DEMONSTRATION BY THE DEFENDANT, THE BURDEN THEN SHIFTS TO THE STATE TO DEMONSTRATE THAT SUFFICIENT TIME WAS TOLLED PURSUANT TO (O.R.C. 2945.72) HEARINGS REGARDING STATUTORY SPEEDY TRIAL TIME ISSUE AS WELL CONSTITUTIONAL SPEEDY TRIAL TIME ISSUE WERE HELD ON 10/4/2017 - 10/10/2017 - 10/11/2017. IN THIS CASE THE TRIAL JUDGE JOHN J. RUSSO FAILED THE DUTIES AS A FACT FINDER WHEN PERSONALLY ADDING UP THE DATES. JUDGE RUSSO RULINGS HELD THE KEY TO THE DEFENDANT CONSTITUTIONAL RIGHTS. HIS RULING WAS NOT COMPETENT AND WAS PRESUMPTIVELY PREJUDICIAL. THE TRANSCRIPT PROCEEDING PAGES (139 TO 141) PROVIDES THE HEARING AS JUDGE RUSSO SPEAKS KNOWINGLY THAT HIS ASSESSMENT TO THE DATES PROVING A VIOLATION OF THE DEFENDANT RIGHTS WILL BE FINAL RULINGS IN THE LOWER TRIAL COURT. THE NEXT LEGAL AUTHORITY IS THE 8TH APPELLATE DISTRICT, HOWEVER THAT COURT IGNORED TO RULE ON THE DATES PROVIDED WITHIN THE (PRIMA FACIE) ~~AND~~ STATED WRONG DATES OF THE HEARINGS HELD IN THE LOWER COURT ON THE ISSUE AS WELL THE ASSESSMENT WAS NOT ADDRESSED..

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

Page 6 of 16

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: IN THE SUPREME COURT OF OHIO THE PROPER FILING OF A (MEMORANDUM IN SUPPORT OF JURISDICTION) CASE NUMBER: GEN- 2020-0370 (FILED: MARCH 16TH 2020)

**GROUND TWO:** DEFENDANT SENTENCE WAS VINDICTIVE IN VIOLATION OF LAW.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THIS CAUSE PRESENTS TWO CRITICAL ISSUES, IN ORDER TO ENSURE THAT AN INCREASE IN SENTENCE IS NOT VINDICTIVE THE LOWER COURT MUST (1) STATE THE REASONING FOR THE INCREASE (2) THE REASONING MUST BE BASED ON OBJECTIVE IDENTIFIABLE CONDUCT OCCURRING AFTER THE ORIGINAL SENTENCE. THE VISITING JUDGE COSGROVE NEVER SATISFIED THE CONSTITUTIONAL REQUIREMENT, DESPITE HER RATHER LENGTHY SENTENCING MEMORANDUM. FILED ON 02/26/2019. IN THE LOWER TRIAL COURT, THERE WAS ONLY CONCERNS IN THE MEMORANDUM WITH COMPLYING WITH THE STATUTORY REQUIREMENT REGARDING IMPOSITION OF CONSECUTIVE SENTENCES AND SENTENCES ABOVE THE MINIMUM. IT DID NOT STATE FOR THE RECORD THAT THE SENTENCE WAS BASED UPON CONDUCT OCCURRING AFTER THE ORIGINAL SENTENCE NOR ANY REASONING BEHIND THE INCREASE IN THE SENTENCE FROM 14 YEARS TO 33 YEARS. A SENTENCE THAT IS VINDICTIVELY IMPOSED ON A DEFENDANT BECAUSE HE OR SHE EXERCISED A CONSTITUTIONAL RIGHT IS CONTRARY TO LAW. JUDGE COSGROVE IGNORED THE REQUIREMENT TO SET FORTH THE JUSTIFICATION FOR THE INCREASE IN SENTENCE FROM THE PRIOR SENTENCE ON THE OVERTURNED APPEAL. THAT MANDATORY REQUIREMENT IS NECESSARY TO PREVENT THE CHILLING EFFECT DISCUSSED BY THE UNITED STATE SUPREME COURT CASES. THIS WAS A SENTENCE AFTER A OVERTURNED APPEAL. THE SECOND SENTENCE IS MUCH LONGER THAN THE FIRST AND MUST STATE REQUIREMENTS.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: IN THE SUPREME COURT OF OHIO PROPER FILING OF A (MEMORANDUM IN SUPPORT OF JURISDICTION) CASE NUMBER: GEN-2020-0370 (FILED: MARCH 16TH 2020)

**GROUND THREE:** THE TRIAL COURT AND THE 8TH APPELLATE DISTRICT ERRED IN FAILING TO GRANT THE CRIM. R. 29 MOTION FOR ACQUITTAL (CONFRONTATIONAL CLAUSE CRAWFORD)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): THE STATE OF OHIO PROSECUTOR PROCEEDED INTO TRIAL WITHOUT THE VICTIM DARRYL PORTER WATKINS IN CASE NUMBER CR-15-593998 A BENCH WARRANT WAS ISSUED BY THE PRIOR ADMINISTRATIVE JUDGE JOHN J. RUSSO ON 12/13/2017 WHICH WAS THE DAY OF TRIAL. STILL MR. WATKINS DID NOT APPEAR FOR TRIAL AT ALL. A SUBPOENA WAS SENT, HIS MOTHER BEVERLY WATKINS WAS NOT ON THE WITNESS LIST BUT WAS ALLOWED TO TESTIFY. THE TRANSCRIPT PAGES (547) TO (563) PROVIDES HER TESTIMONY. SHE STATES THAT SHE NEVER KNEW OF A CRIME TAKING PLACE AGAINST HER SON DARRYL. SHE WAS MADE AWARE ON 12/13/2017 THE PROSECUTOR HAS HER ID, HER SON VOICE ON A 911 TAPE. THE DEFENDANT OBJECTS UNDER (CRAWFORD) A CONFRONTATIONAL CLAUSE ISSUE CAN NOT CROSS-EXAMINE A 911 TAPE OR THE MOTHER WHO KNOWS NOTHING OF A CRIME. THE VICTIM IS NOT PRESENT AND MAKES HIMSELF UNAVAILABLE. TRIAL PROCEEDS WHICH VIOLATES THE CONSTITUTIONAL PROTECTION AND PREJUDICE THE DEFENDANTS RIGHTS. THE RULE 29 MOTION FOR ACQUITTAL SHOULD HAVE BEEN GRANTED.

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No
(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: IN THE SUPREME COURT OF OHIO PROPER FILING OF A (MEMORANDUM IS SUPPORT OF JURISDICTION) CASE NUMBER: GEN-2020-0370 (FILED: MARCH 16TH 2020)

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

  (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

  If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

  _____

  _____

  (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

  _____

  _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

  If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

  _____

  _____

  _____

  _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

  If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

  _____

  _____

  _____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A : HEARING DATE SET 03/5/2015 HOWEVER WAS NOT ALLOWED TO HAVE HEARING DUE TO BEING INDICTED ON 03/5/2015...

(b) At arraignment and plea: APPOINTED ATTORNEY KEVIN M. CAFFERKEY 55 PUBLIC SQUARE SUITE #2100 CLEVELAND, OH 44113

(c) At trial: APPOINTED ATTORNEY JOHN F. GREENE 310 LAKESIDE AVENUE SUITE #400 CLEVELAND, OHIO 44113
ATTORNEY FRANK CAVALLO 310 LAKESIDE AVENUE SUITE #200
ASSISTANT PUBLIC DEFENDER CLEVELAND, OHIO 44113

(d) At sentencing: APPOINTED ATTORNEY DEANNA ROBERTSON 200 PUBLIC SQUARE CLEVELAND, OHIO 44124

(e) On appeal: APPOINTED ATTORNEY DALE M. HARTMAN 2195 SOUTH GREEN ROAD UNIVERSITY HEIGHTS, OHIO 44121

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Page 14 of 16

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: A FAIR TRIAL BY THE LOWER COURT. THE MANDATORY REQUIREMENTS TO SET FORTH THE JUSTIFICATION IN THE INCREASE IN SENTENCE FROM 14 YEARS TO 33 YEARS AFTER A OVERTURNED APPEAL. ALSO THE VACATE OF ~~THIS~~ SENTENCE IN CASE CR-15-593998 (12 YEARS). ADDRESS THE PRIMA FACIE HEARING HELD REGARDING SPEEDY TRIAL, REVIEW THE PRIOR ASSESSMENT OF THE TIMELINE, AND MAKE A COMPETENT RULING ON THE ISSUE. GRANT RELIEF OF THE CURRENT CONVICTION DUE TO CONSTITUTIONAL VIOLATIONS.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on JUNE 25TH 2021 (month, date, year).

Executed (signed) on JUNE 25TH 2021 (date).

*Franklyn Williams*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____